```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

        -against-                      ORDER AND MEMORANDUM
                                          03-CR-1121(DRH)
ROHAN MANRAGH,

             Defendant.
-------------------------------X
A P P E A R A N C E S:

For the Government:
    Roslynn R. Mauskopf
    United States Attorney
    Eastern District of New York
    One Pierrepont Street
    Brooklyn, New York 11201
      By: Demetri M. Jones, A.U.S.A.

For Defendant:
    Federal Defender Division
    460 Federal Plaza
    Central Islip, New York 11722
      By: Randi L. Chavis, Esq.
```

HURLEY, District Judge

Rohan Manragh ("Manragh" or "defendant") has moved for reconsideration of this Court's Order and Memorandum of April 17, 2006. Reconsideration is denied for the reasons indicated infra.

BACKGROUND

Defendant stands accused of illegally reentering the United States after being deported following his conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). He moved unsuccessfully to dismiss the indictment on the ground that the deportation order underlying the current charge violated due process in that he was allegedly denied

effective assistance of counsel at both the hearing and appellate levels.

## BASES FOR RECONSIDERATION MOTION

In asking that I reconsider the April 17, 2006 decision, two grounds are advanced: (1) that the Court overlooked the "presumption of prejudice" said to arise in cases "where an appellate attorney fails to file a necessary brief in support of an appeal of an immigration proceeding" (Randi L. Chavis Affirmation Submitted in Supp. Mot. for Recons. at unnumbered page 3), and (2) that defendant was "not deported pursuant to a final order of deportation and[,] as such, his prior removal from the United States cannot be used to satisfy an element of 8 U.S.C. § 1326." (Id. at unnumbered page 5.)

After discussing the standard applicable to reconsideration motions, these two grounds will be discussed seriatim.

## RECONSIDERATION STANDARD

There is no specific rule governing criminal motions for reconsideration. United States v. Goldenberg, No. 04-CR-159, 2006 WL 1229152 (May 5, 2006 E.D.N.Y.). As a result, courts considering criminal reconsideration motions typically adopt the established standards which govern such motions in a civil context as set forth in the Federal Rules of Civil Procedure, applicable local rules, and related case law. Id. at *1. "The

standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

<u>PRESUMPTION OF PREJUDICE</u>

To place this claim in context, brief reference to the earlier decision should prove helpful. In that decision, the Court noted that the "omissions charged to [appellate counsel], such as neglecting to file an appellant's brief, constitute[d] ineffective assistance of counsel." (Apr. 17, 2006 Order and Memorandum at 16.) However, as the Court further noted, for those deficiencies "to rise to the level of satisfying the third requirement of Section 1326(d), defendant must demonstrate prejudice, i.e. a reasonable probability that, but for the errors, he would have enjoyed a different outcome." (<u>Id.</u> at 17.) Given the absence of a plausible proffer as to how "defendant would have avoided deportation had appellate counsel performed properly," the Court concluded that the errors by appellate counsel were insufficient to warrant the relief requested. (<u>Id.</u>)

Against the above backdrop, it warrants mention that the presumption of prejudice referenced by defendant pertains solely to the errors committed by appellate counsel, not those

supposedly committed by his counterpart at the hearing level.  In maintaining that the Court overlooked that presumption in its earlier decision, defendant cites Dakane v. United States Attorney General, 399 F.3d 1269 (11th Cir. 2005) and Rojas-Garcia v. Ashcroft, 339 F.3d 814 (9th Cir. 2003), wherein the Eleventh and Ninth Circuits respectively speak of a presumption of prejudice arising where an appellate attorney fails to file a necessary brief in support of an immigration appeal.  The Ninth Circuit also indicated in Rojas-Garcia that a defendant need only show some "plausible grounds for relief" to avoid the presumption from being rebutted.  Rojas-Garcia, 339 F.3d at 826 (internal quotation marks and citations deleted).  Rojas-Garcia was not cited by defendant in his motion to dismiss the indictment.  Dakane was, however, and, in fact, Dakane is mentioned in the Court's decision albeit absent any reference to the presumption of prejudice language now under discussion.

The government reports that it was "unable to find any decision in this Circuit or the United States Supreme Court that adopted the rebuttable presumption of prejudice standard of review." (Gov't's Mem. Opp'n at 3-4.)  Defendant has not suggested that the government's research was incomplete or otherwise flawed.  But assuming the subject principle is applicable in this Circuit, and that my failure to mention the presumption may be equated with overlooking it for

reconsideration purposes, this first of the two bases advanced by defendant for the relief sought falls short of the mark.

The fault ascribed to hearing counsel is that he "did not present sufficient evidence of Mr. Manragh's medical condition [, and its effect on his employment history, to the immigration judge,] nor did he seek an adjournment to procure such evidence." (Apr. 17, 2006 Order and Memorandum at 10 (internal quotation marks and citations deleted).) But, as explained in the April 17th decision, the legitimacy of that claim is belied by a review of the hearing record. (Id. at 13-14.) That record demonstrates that abundant evidence as to both issues was presented to IJ Rohan. And, as again explained in the April 17th decision, even if hearing counsel, arguendo, might conceivably have done more, defendant failed to demonstrate that he was prejudiced by counsel's purported shortcoming. (Id. at 14-16.)

Common to both defendant's initial submissions on the motion to dismiss, and his current motion for reconsideration, is the absence of specificity as to what appellate counsel might have argued to the BIA in an effort to overturn IJ Rohan's determination. Although a movant's burden of proof is aided by the presumption of prejudice in those jurisdictions in which it is applicable, it alone, of course, is insufficient to warrant the relief requested. Yet, here there is virtually nothing more.

The absence of demonstrated error, and concomitant prejudice at the trial level, left appellate counsel with "scant, if any ammunition" to fashion a viable position for the Board of Immigration Appeal's consideration. (Id. at 17.) Even if defendant is aided by the presumption of prejudice attributable to his appellate attorney's failure to file a brief on his behalf, that presumption has been rebutted by the government's cites to the hearing record.

Simply put, defendant has failed to demonstrate (1) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," United States v. Scott, 394 F.3d 111, 118 (2d Cir. 2005)(internal quotation marks and citation omitted), or, alternatively, (2) that, if aided by the presumption of prejudice, there is one or more "plausible grounds" to indicate that he would not have been deported but for those errors, Rojas-Garcia, 339 F.3d at 826.

## DEPORTATION ORDER NOT FINAL[1]

"Mr. Manragh contends that the present Indictment should be dismissed because he was not deported pursuant to a final order of deportation and as such, his prior removal from

---

[1] This second ground is being advanced for the first time via the current motion for reconsideration. However, the government has not asked that the argument be rejected for that reason and, accordingly, it will be addressed on the merits.

the United States cannot be used to satisfy an element of 8 U.S.C. § 1326." (Randi L. Chavis Affirmation Submitted in Supp. Mot. for Recons. at unnumbered page 5.)

> Specifically, as explained by defense counsel: Upon the decision of immigration Judge Rohan denying Mr. Manragh's application for 212(c) relief, Mr. Manragh timely appealed to the BIA. On May 30, 1990, the BIA dismissed Mr. Manragh's appeal. Thereafter, on April 1, 1991, while represented by the law firm of Scheinfeld & Solovay, Mr. Manragh filed a motion to reopen and reconsider, stay deportation and grant extension of time to file brief. While his petition for review was still pending before the BIA, Mr. Manragh was deported. When the BIA finally responded to the motion, the motion was deemed moot under 8 C.F.R. § 3.2(d) because the defendant had already been deported.

(Id. at unnumbered page 6 (emphases and internal citations deleted).)

A defendant charged with a violation of 8 U.S.C. § 1326(a) "must have left the country . . . subject to a final order of removal." United States v. Carrasco-Abreu, No. 03 CR 912, 2003 WL 22595772, at *2 (Nov. 10, 2003 S.D.N.Y.). The relevant inquiry for present purposes, therefore, is whether such an order was issued in this case. In arguing that it was not, defendant cites two cases, United States v. Fermin-Rodriguez, 5 F. Supp. 2d 157 (S.D.N.Y. 1998) and Carraso-Abreu. Both are inapposite.

In Fermin-Rodriguez, "the order authorizing [defendant's] deportation had been stayed." Id. at 163. As a

-7-

result, Judge Wood concluded that Fermin-Rodriguez's deportation was "without legal or institutional authorization" and, thus, an inappropriate predicate for a § 1326 charge.  Id. at 163-64.  Here, defendant does not claim that a stay was in effect at the time of his deportation.  Instead, he urges that the order in his case was not final because his April 1991 request to the BIA for a reconsideration of its May 1990 dismissal of his appeal was still pending.  But the distinction between being the beneficiary of a stay, and simply being an applicant for such relief, is pivotal.  See Michael v. INS, 48 F.3d 657, 661-62 (2d Cir. 1995); see also Vlassis v. INS, 963 F.2d 547, 548 (2d Cir. 1992)("[I]t is important to the note that the making of Vlassis' motion to reopen did not stay the execution of his order of deportation.").  For the reasons indicated, defendant's reliance on Fermin-Rodriguez is misplaced.  The same may be said concerning Carrasco-Abreu.

Carrasco-Abreu was indicted for violating 8 U.S.C. § 1326 by reentering the United States following his deportation.  In seeking the dismissal of the indictment, he argued that he was not deported, but instead left voluntarily.  In rejecting that argument, Judge Stein noted that although Carrasco-Abreu agreed to voluntarily leave the United States by a certain date subject to his being deported if he failed to do so, "[t]he immigration judge specifically 'converted [the stipulation] into an order' on

the record at the hearing." 2003 WL 22595772 at *1. On the same date, Carrasco-Abreu "waived his right to appeal [that] order." Id. Judge Stein then concluded that "[s]uch an 'alternate order of deportation coupled with an order of voluntary departure' became a final order of deportation when Carrasco-Abreu waived his right to appeal that order." Id. at *2. Having found that the stipulation/order constituted a "valid order of removal," Carrasco-Abreu's motion to dismiss the indictment was denied. Id.

Defendant interprets Carrasco-Abreu to mean that the deportation order in his case lacked finality because he never expressly "waive[d] his right to any further appeals of Judge Rohan's and the BIA's decisions." (Randi L. Chavis Affirmation Submitted in Supp. Mot. for Recons. at unnumbered page 6.) That interpretation represents an overly broad reading of the decision. Judge Stein simply said that what transpired before the immigration judge in Carrasco-Abreu resulted in a final order; he did not suggest that anything less would suffice.

In sum, the only support offered by defendant for the proposition that he was deported pursuant to a non-final order is Fermin-Rodriguez and Carrasco-Abreu, neither of which is germane. I conclude, therefore, that this second ground advanced by defendant in seeking reconsideration is — like the first — unavailing.

## DEFENDANT'S INDIVIDUAL SUBMISSIONS

Defendant is represented by the Federal Defenders. Nonetheless, he has supplemented his attorney's efforts via several individual submissions, the last of which is a nine page affidavit filed on July 20, 2006.

A represented defendant — subject to certain possible exceptions not now relevant — should act through his or her attorney, or discharge the attorney and proceed pro se. Defendant is advised that the Court will not hereafter entertain submissions from him made under the hybrid approach he has utilized to date. But given that the July 14, 2006 affidavit of service reflects that the government was served with defendant's individual submissions and that the government has voiced no objection thereto, the Court has considered those papers in deciding the present motion.

The subject matter of defendant's individual submissions largely parallels those of his attorney. But two of his points warrant separate discussion.

Firstly, defendant has corrected both the government and the Court as to the date of his first deportation. It was not, as stated by the Court, "'[i]n approximately March 1991.'" (Apr. 17, 2006 Order and Memorandum at 6.) Rather, as explained

by defendant, with supporting authority,[2] the correct date is March 21, 1997.  (See also June 16, 2006 Letter of Randi L. Chavis ("Mr. Manragh has implored me to highlight [that he] was deported from the United States for the first time on March 21, 1997, pursuant to a Warrant of Deportation entered on January 24, 1991.").)

      The above factual error, however, does not warrant reconsideration.  It is not of sufficient significance to "alter the conclusion reached by the court" in its April 17, 2006 decision.  Shrader, 70 F.3d at 257.

      The second point raised by defendant in his individual submissions that warrants mention is found in his July 2006 affidavit, and reads as follows: "After the Board of Immigration [Appeals] denied my appeal on May 30, 1998, no one informed me that I could then challenge the [BIA] decision in the [f]ederal [c]ourt(s) [s]ystem."[3]  (Def.'s Aff. filed on July 20, 2006 at 3.)  Assuming the accuracy of defendant's statement as to what he was, or, more accurately, was not told, and that the law requires that he be so advised concerning further possible avenues of review, it seems to me that the lack of demonstrable prejudice

---

[2] (See INS' April 7, 1997 Response to defendant's motion to reopen the proceedings, attached as an exhibit to defendant's July 2006 affidavit.)

[3] This ground, unlike the "non-final" order argument, has not been addressed by counsel.

would prove fatal to this ground as well.  Moreover, a motion for reconsideration is not meant to be a vehicle for the serial presentation of various arguments by a movant over time. Accordingly, reconsideration will not be granted upon this newly voiced supplemental ground.

## CONCLUSION

For the reasons indicated, defendant's motion for reconsideration is denied.

SO ORDERED.

Dated: Central Islip, New York
       August 4, 2006

                                    /s/
                        DENIS R. HURLEY, U.S.D.J.